UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. 7:20-cv-00362 |
| 5.393 ACRES OF LAND, MORE OR LESS, IN STARR COUNTY, TEXAS; MINNIE G. SAENZ, et al., | | |
| Defendants. | | |

## FINAL JUDGMENT

Pursuant to the Court's previous orders, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.  The full and just compensation payable by the United States for the taking of Tract RGV-RGC-9009 shall be the sum of thirty-five thousand dollars and 00/100 ($35,000.00) plus any accrued interest, which is in full satisfaction of any claim of whatsoever nature by Defendant Minnie G. Saenz against the United States for the institution and prosecution of the above-captioned action.

2.  Judgment shall be and is hereby entered against the United States in the amount of thirty-five thousand dollars and 00/100 ($35,000.00) plus any accrued interest for the taking of Tract RGV-RGC-9009.

3.  The United States shall be and is hereby entitled to immediate possession of Tract RGV-RGC-9009 and all persons in possession or control of the interests taken in this property are hereby **ORDERED** to surrender possession of same to the United States of the

condemned estate:[1]

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;
>
> Reserving to the owners of lands identified in Gift Deed, Instrument No. 2015-327625, Official Records of Starr County, Texas, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map below;
>
> Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

3. The total said sum of thirty-five thousand dollars and 00/100 ($35,000.00) with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments due or owing, Defendant is responsible for the payment of any additional taxes or assessments, which she otherwise owes on the interests in the property taken in this proceeding on the date of the taking.

---

[1] Dkt. No. 2-1 at 14, Schedule "E."

4. Should the United States construct infrastructure on the Subject Property as stated in Schedule B of the Declaration of Taking, the parties further agree that Defendant Minnie G. Saenz, any person or entity reasonably needed for the operation of Defendant's businesses or for the full use and enjoyment of Defendant's remaining property, and all successors in interest to Defendant's property will be allowed access through the border fence gates located on the Subject Property as well as any other border fence gates through which Defendant is granted access as identified in Exhibit 1 to the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-9009" at all times except in the case of an emergency, or to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Plaintiff shall provide Defendant with the current keypad access code for the Gates and will provide timely notice of any change or modification of the code to Defendant such that Defendant's access through the Gates shall be continuous and uninterrupted, except to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Defendant and all successors in interest will have the right to share, assign, or delegate the keypad access code used to operate the Gates without restriction, subject to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations.

5. The stipulated just compensation remains on deposit in the Court's Registry. The Clerk of Court shall now, without further order of the Court, **DISBURSE** the total sum of **thirty-five thousand dollars and 00/100 ($35,000.00), along with any accrued interest earned thereon while on deposit**, payable by check to **Minnie G. Saenz**.

6. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property

taken in this proceeding, Defendant Minnie G. Saenz shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendant Minnie G. Saenz to the date of repayment into the Registry of the Court.

7.   The parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.

8.   Defendant Minnie G. Saenz shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

9.   Defendant Minnie G. Saenz warrants that she is unaware of any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.

All claims in this case having been resolved, the Court hereby renders final judgment in accordance with Federal Rule of Civil Procedure 54. All pending motions are **DENIED** as moot. This case is terminated, and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of October 2021.

_____

Micaela Alvarez
United States District Judge



4 / 4